UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JIONG WANG,
CHAO XIE,

                                              Plaintiffs,

                                                                                                   DECISION AND ORDER

                                                                                                   08-MC-6032L

                              v.

MICHAEL CHERTOFF,
Secretary, Department of Homeland Security,
JONATHAN SCHARFEN,
Director, U.S. Citizenship and Immigration Service,
ROBERT S. MULLER, III,
Director, Federal Bureau of Investigation,
DAVID ROARK,
Center Director, Texas Service Center, United States
Citizenship and Immigration Services,
PAUL E. NOVAK,
Center Director, Vermont Service Center, United States
Citizenship and Immigration Services,

                                              Defendants.
_____

## INTRODUCTION

*Pro se* plaintiffs Jiong Wang and Chao Xie (the "plaintiffs"), married citizens of the People's Republic of China, seek a writ of mandamus compelling the immediate adjudication of their applications for adjustment of status by United States Citizenship and Immigration Services ("USCIS"). *See* Complaint (Dkt. #1). On December 12, 2008, the defendants – the Commissioner of the Department of Homeland Security, several USCIS officials and the Director Federal Bureau

of Investigation ("FBI") moved to dismiss the complaint, on the grounds that the Court lacks jurisdiction to grant relief, and that the USCIS has properly deferred adjudication of the plaintiffs' applications until visa numbers become available. The defendants also move to dismiss the plaintiffs' claims against the Federal Bureau of Investigation ("FBI"), because the FBI has already completed the name checks that plaintiffs alleges to have been neglected. (Dkt. #6). Plaintiffs have not opposed the motion.

For the reasons set forth below, the government's motion is granted, and the complaint is dismissed.

**DISCUSSION**

In considering a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1), the Court may consider the pleadings, as well as other evidence, such as affidavits, to determine any disputed jurisdictional issues of fact. *See Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992).

A complaint may also be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Whether judicial review is available for decisions by USCIS regarding the adjudication for visa status change requests is a matter of some debate. *See Bondarenko v. Chertoff*, 2007 WL 2693642 at *5-*6 (W.D.N.Y. 2007) (finding jurisdiction over a case disputing the pace of change-of-status request adjudication, but recognizing and collecting contrary cases). However, assuming *arguendo* that the Court has jurisdiction to review USCIS' decision to defer adjudication of the plaintiffs' request for an adjustment of status, it is undisputed that USCIS has completed the adjudication process as far as it can at this juncture. It is impossible for USCIS to lawfully complete the adjudication of the Wang's requests for a change in status without the allocation of visa numbers by the United States Department of State, and no visa numbers are currently available. *See* 8 C.F.R. §245.2(a)(5)(ii) ("[a]n application for adjustment of status . . . shall not be approved until an immigrant visa number has been allocated by the Department of State").

In order to demonstrate entitlement to a writ of mandamus, the plaintiffs must show: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendants to do the act in question; and (3) the unavailability of other adequate remedies. *See Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989). Here, plaintiffs have failed to allege facts that demonstrate a "clear right" to the forced adjudication of their applications in the absence of available visa numbers, or a duty on the part of the defendants to undertake such adjudication, particularly since anything other than a denial of the applications would appear to violate 8

C.F.R. §245.2(a)(5)(ii). As an alternative to denying the applications outright, USCIS has instead processed them as completely as possible and then deferred a final decision until visa numbers become available, for the plaintiffs' benefit.[1] Because such conduct evinces neither a violation of a clear right, nor a breach of duty, the complaint must be dismissed for failure to state a claim.

Furthermore, the plaintiffs' claims against the FBI for failing to perform name checks must be dismissed, as it is undisputed that the name checks were completed on or about January 15, 2008.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss (Dkt. #6) is granted, and the complaint is dismissed, with prejudice. Plaintiffs' motion for a writ of mandamus (Dkt. #1) is denied and dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 10, 2009.

---

[1] Indeed, the Court cannot award the plaintiffs the relief they seek without completely frustrating their ultimate objective. Were the Court to order the immediate adjudication of the plaintiffs' applications, USCIS would be compelled to simply deny them due to the unavailability of visa numbers, placing plaintiffs in a worse position, in terms of work authorization eligibility and advance parole for travel, than their current application status of "pending" allows. *See* 8 C.F.R. §245.2(a)(5)(ii).